# CASE NO. 22-1656

===========================================================

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**AARON SALTER,**

*Plaintiff-Appellee,*

-vs-

**DONALD OLSEN,**

*Defendant-Appellant.*

` _____

**On Appeal from the United States District Court for the Eastern District of Michigan Southern Division**

_____

## PLAINTIFF-APPELLEE'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S APPEAL

### MUELLER LAW FIRM

Wolfgang Mueller (P43728)
Attorney for Plaintiff-Appellee
41850 W. Eleven Mile Road, Ste. 101
Novi, MI 48331
(248) 489-9653
wolf@wolfmuellerlaw.com

The defendant filed this interlocutory appeal following the denial of his amended motion for reconsideration. Mr. Salter, on the basis of two decisions of this Court, has moved to dismiss the defendant's appeal on jurisdictional grounds. In his response to Mr. Salter's motion, the defendant contends that several Supreme Court rulings provide the Court with jurisdiction to consider this appeal.

Mr. Salter does not dispute that this Court has jurisdiction to consider an interlocutory appeal in a civil rights case under 42 U.S.C. §1983 which raises an issue of qualified immunity. *Mitchell v Forsyth*, 472 U.S. 511 (1985). But the Supreme Court in *Mitchell* reached the conclusion that such issues may be appealed on an interlocutory basis on the basis of the "collateral order" doctrine that was first developed by the Court in *Cohen v Beneficial Industrial Loan Corp*, 337 U.S. 541 (1949).

In *Cohen*, the Court identified a "small class" of cases that "finally determine claims of right separable from, and collateral to, rights asserted in the action. . ." that may be appealed on an interlocutory basis. *Cohen*, 337 U.S. at 546; *Mitchell*, 472 U.S. at 524. But, as the Supreme Court stressed in *Mitchell*, "[a] major characteristic of the denial or granting of a claim appealable under *Cohen*'s collateral order doctrine is that 'unless it is reviewed before [the proceedings terminate], it can never be reviewed at all.'" 472 U.S. at 525. Under the *Cohen* collateral order doctrine, an

issue may be appealed on an interlocutory basis if three conditions are satisfied. The decision being appealed must (1) "conclusively determine the disputed question"; (2) it must resolve an issue that is completely separate from the merits of the action; and (3) it must be effectively unreviewable in an appeal from the final judgment. *Coopers & Lybrand v Livesay*, 437 U.S. 463, 468 (1978).

This Court first considered an interlocutory appeal taken from the denial of a motion for reconsideration in *U.S. v Gomez-Gomez,* 643 F.3d 463 (6th Cir. 2011). In that case, the Court held, relying on the Second Circuit's opinion in *Lora v O'Heany,* 602 F.3d 106, 111,112 (2nd Cir. 2010), that it did not have jurisdiction to entertain an interlocutory appeal from the denial of a motion for reconsideration because such an appeal did not satisfy two aspects of the three-part *Cohen* test.  Thus, the Court ruled in *Gomez-Gomez* that "[t]he denial of a motion to reconsider an earlier order is not an immediately appealable collateral order because it does not conclusively determine the disputed question, it merely resolves whether to revisit an important issue rather than the issue itself, and it is reviewable following final judgment." 643 F.3d at 469.

This Court elaborated on its ruling in *Gomez-Gomez* three years later in its decision in *Killion v KeHE Distributors, LLC*, 761 F.3d 574 (6th Cir. 2014). In that case, the plaintiffs were former employees of the defendant who brought claims

2

under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*. The plaintiffs in *Killion* brought a motion for class certification that was denied in part by the district court. After seeking reconsideration of that ruling, plaintiffs filed an interlocutory appeal in this Court seeking review of the class certification ruling.[1]

This Court in *Killion* had to first determine whether it had jurisdiction to consider the plaintiffs' interlocutory appeal. The Court, based on its prior ruling in *Gomez-Gomez*, reaffirmed that the denial of a motion for reconsideration is not immediately appealable because it does not satisfy all three of the elements of the *Cohen* collateral order rule. 761 F.3d at 589. After reaching that conclusion, the Court added in *Killion* something of particular importance to this case: "This rule of procedure applies even when the underlying order for which the party seeks reconsideration would itself have been collaterally appealable." *Id.*

This Court's decision in *Killion* speaks directly to the circumstances of this case. Here, under *Mitchell*, the district court's June 2, 2022 order denying the defendant's motion for summary disposition may have been appealable on an

---

[1] The plaintiffs in *Killion* later appealed from a final adverse decision on the merits of their FLSA claims. The Court's jurisdiction to entertain that appeal from a final order is of no relevance to the motion that Mr. Salter has filed to dismiss the defendant's interlocutory appeal.

3

interlocutory basis. But the order denying the defendant's amended motion for reconsideration was not.

The defendant has responded to Mr. Salter's motion to dismiss by raising decisions of the Supreme Court that pertain to the *timing* of the notice of appeal that he filed in this case. But, as *Gomez-Gomez* and *Killion* made clear, the question here is not one of the timing of the defendant's notice of appeal. Rather, the question here is whether the defendant's appeal from the denial for his motion for reconsideration satisfies the three-part test of the collateral order doctrine set out in *Cohen*.

Because this appeal does *not* satisfy that three-part test, plaintiff's motion to dismiss this appeal should be granted.

                                        Respectfully submitted,

                                        s/Wolfgang Mueller
                                        **MUELLER LAW FIRM**
                                        Attorney for Plaintiff-Appellee
                                        41850 W. Eleven Mile Road, Ste. 101
                                        Novi, MI 48331
                                        (248) 489-9653
                                        wolf@wolfmuellerlaw.com
                                        (P43728)

### **CERTIFICATE OF SERVICE**

     I hereby certify that on January 23, 2023, I electronically filed Plaintiff-Appellee's Reply Brief in Support of Motion to Dismiss Defendant's Appeal with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

     I further hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A

                                        *s/Wolfgang Mueller*
                                        MUELLER LAW FIRM
                                        41850 W. Eleven Mile, Suite 101
                                        Novi, MI 48375
                                        248-489-9653
                                        wolf@wolfmuellerlaw.com
                                        (P43728)